**Cumberland**, ss

UNIFIED CRIMINAL
DOCKET COURT
Location: Portland
Docket No. CR-08-2592

State of Maine

v.

Police Aboda

ORDER ON DEFENDANT'S
MOTION TO SUPPRESS
STATEMENTS

This matter came before the court on the defendant's Motion to Suppress Statements. A short hearing was held on May 19, 2009 at which time the parties each provided brief arguments and introduced three exhibits for the court's consideration.[1] State's Exhibit S1 is a photocopy of a one-page Miranda Warning signed by the defendant and by Detective Maryann Bailey of the Portland Police Department, and dated October 18, 2008. State's Exhibit S2 is a compact disc containing the audio recording of an interview that Detective Bailey conducted with the defendant on October 18, 2008. State's Exhibit S3 is a transcript of the October 18th interview. The transcript was prepared by the Portland Police Department. The court has reviewed State's S1 and S3, and it has listened to the audio recording of the interview of the defendant conducted by Detective Bailey. The parties have informed the court that the defendant is a twenty-five year old native of the Sudan who has been in the United States for eight years. He has attended high school here in the United States, but has not graduated.

The defendant's Motion is based on the assertion that he didn't sufficiently understand the *Miranda* warnings that Detective Bailey provided to him and therefore, his waiver of his

---

[1] According to the court's file, a Sudanese (Acholi) interpreter has been requested in the past, and one may have been used via "Language-line" at an earlier hearing. An interpreter was not present on May 19th. Given the very limited nature of the hearing conducted, Attorney Levine was comfortable proceeding without the assistance of an interpreter. The hearing consisted of the court's being informed of some basic information about the defendant, the introduction of three exhibits for the court's consideration and very brief comments from the attorneys concerning the audio recording of the interview. An interpreter will be necessary for all hearings in this matter in the future.

1

*Miranda* rights was invalid. The State must establish a knowing, intelligent and voluntary waiver of *Miranda* rights by a preponderance of the evidence. *State v. Snow,* 513 A.2d 274, 276 (Me. 1986). To constitute a valid waiver, a defendant's conduct must amount to an intentional relinquishment or abandonment of a <u>known</u> right or privilege. *State v. Coombs,* 704 A.2d 387, 392 (Me. 1998) (quoting *State v. Knights,* 482 A.2d at 440, quotations omitted and emphasis added). In this case, the defendant was provided *Miranda* warnings in English. He contends that his waiver of his *Miranda* rights is invalid based upon his limited English language skills, coupled with his unfamiliarity with Fifth Amendment constitutional protections.

Any waiver of *Miranda* rights must be made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Moran v. Burbine,* 475 U.S. 412, 421 (1986). It seems axiomatic that if a person were provided *Miranda* warnings in a language he or she doesn't understand, any waiver of that person's *Miranda* rights wouldn't be valid. The court is aware of a number of cases that recognize this rather obvious proposition. The vast majority of these cases nevertheless have found a valid waiver of *Miranda* rights because the evidence in those cases clearly demonstrated a sufficient understanding of the *Miranda* warnings by the defendant. Those cases include *U.S. v. Martinez,* 588 F.2d 1227 (9th Cir., 1978) (warnings provided in Spanish spoken with a Mexican accent, whereas defendant spoke Spanish with a Cuban accent and written warnings provided to defendant in Spanish.); *U.S. v. Gonzalez,* 749 F.2d 1329 (9th Cir., 1984) (defendant orally read his rights in both Spanish and English, he appeared to understand them, he read and signed cards explaining his rights in both languages, and he conversed with the police officer in both Spanish and English.); *U.S. v. Heredia-Fernandez,* 756 F.2d 1412 (9th Cir. 1984) (written *Miranda* warnings in Spanish provided to Spanish-speaking defendant who acknowledged understanding of them and defendant had been previously arrested fifteen times so he might fairly have been presumed to be familiar with *Miranda* warnings.); *U.S. v. Burrous,* 147 F.3d 111 (2nd Cir. 1998) (sixteen-year-old defendant poorly educated but fluent in spoken English, read *Miranda* warnings at least twice, indicated he understood them and appeared to comprehend them and defendant had been arrested one month prior on similar charges).

In one case that the court is aware of, the defendant's waiver of *Miranda* rights was deemed to be invalid. In that case, the defendant, a German national, had no knowledge of the American criminal justice system and a poor understanding of the English language. Her English was so

2

broken that interrogators took special precautions to explain the *Miranda* warnings to her in simpler English terms. *U.S. v. Short*, 790 F.2d 464 (6th Cir. 1986).

In this case, it is clear to the court that, to a degree, the defendant does understand the English language. He is capable of carrying on a conversation. The crucial question is whether the evidence demonstrates by a preponderance that the defendant had a full awareness of the nature of his *Miranda* rights and of the consequences of his decision to waive them. The court finds in this case that the evidence does *not* show that the defendant made a knowing and intelligent waiver of his *Miranda* rights. Most convincing to the court is the fact that every time the defendant was read one of the five separate warnings, he indicated he didn't understand it. Moreover, when the detective asked him to verbalize his understanding of each separate warning, he was utterly unable to correctly do so. In fact, his attempts to restate each warning in his own words demonstrate clearly that he did not understand them. The court is not confident that the detective's efforts to explain each warning in different terms to the defendant actually aided the defendant in understanding the warnings.

**IT IS ORDERED:**

**Because the court is not satisfied by a preponderance of the evidence that the defendant knowingly and intelligently waived his *Miranda* rights, the Motion to Suppress is GRANTED.**

Date:  May 26, 2009

Jeff Moskowitz
Judge

3

STATE OF MAINE
  vs
POLICE  ABODA
138 OXFORD ST
PORTLAND ME 04101

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CR-2008-02592

**DOCKET RECORD**

DOB: 11/25/1983
Attorney: AMY FAIRFIELD
        FAIRFIELD & LEBRASSEUR PA
        9 OLD SAW MILL LANE
        PO BOX 635
        KENNEBUNK ME 04043
        WITHDRAWN 01/13/2009
Attorney: ROBERT LEVINE
        17 SOUTH STREET
        PORTLAND ME 04101
        RETAINED 01/13/2009

State's Attorney: STEPHANIE ANDERSON

Filing Document: CRIMINAL COMPLAINT
Filing Date: 10/17/2008

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   GROSS SEXUAL ASSAULT              10/13/2008 PORTLAND
Seq 4262  17-A  253(1)(A)        Class A
   BAILEY             / POR

## Docket Events:

10/17/2008 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 10/17/2008

10/17/2008 WARRANT -  ON COMP/INDICTMENT ORDERED ON 10/17/2008
        PETER J GORANITES , JUDGE
10/17/2008 BAIL BOND - $25,000.00 SURETY BAIL BOND SET BY COURT ON 10/17/2008

        OR $10,000 CASH WITH CONDITIONS
10/17/2008 WARRANT -  ON COMP/INDICTMENT ISSUED ON 10/17/2008

        CERTIFIED COPY TO WARRANT REPOSITORY
10/23/2008 WARRANT -  ON COMP/INDICTMENT EXECUTED ON 10/17/2008

10/23/2008 WARRANT -  ON COMP/INDICTMENT RETURNED ON 10/20/2008

11/12/2008 Charge(s): 1
        HEARING -  INITIAL APPEARANCE SCHEDULED FOR 11/18/2008 @ 8:30 in Room No.  7

        NOTICE TO PARTIES/COUNSEL
11/12/2008 Party(s):  POLICE ABODA
        ATTORNEY -  APPOINTED ORDERED ON 11/12/2008

        Attorney: AMY FAIRFIELD
11/12/2008 Charge(s): 1
        HEARING -  INITIAL APPEARANCE NOTICE SENT ON 11/12/2008

12/09/2008 MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 12/08/2008

                EXPARTE MOTION FOR PI FUNDS                                TSK
12/10/2008 Charge(s): 1
           HEARING -  INITIAL APPEARANCE HELD ON 11/18/2008
           THOMAS D WARREN , JUSTICE
           Defendant Present in Court


                TAPE #3039                                                 TSK
12/10/2008 BAIL BOND - $25,000.00 SURETY BAIL BOND SET BY COURT ON 11/18/2008
           THOMAS D WARREN , JUSTICE
           OR $5000 CASH - TO BE SCREENED FOR MPTS                         TSK
12/10/2008 BAIL BOND -  SURETY BAIL BOND COND RELEASE ISSUED ON 11/18/2008
           THOMAS D WARREN , JUSTICE
12/10/2008 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 01/21/2009 @ 8:30 in Room No.  7


                TSK
12/10/2008 TRIAL -  JURY TRIAL SCHEDULED FOR 02/17/2009 @ 8:30 in Room No.  11


                NOTICE TO PARTIES/COUNSEL                                  TSK
12/16/2008 MOTION -  MOTION FOR FUNDS GRANTED ON 12/12/2008
           THOMAS D WARREN , JUSTICE
           COPY TO PARTIES/COUNSEL                                  TOTAL AMOUNT
           GRANTED FOR PRIVATE INVESTIGATOR $200                    TSK
01/14/2009 Party(s):  POLICE ABODA
           ATTORNEY -  RETAINED ENTERED ON 01/13/2009


           Attorney:  ROBERT LEVINE
01/15/2009 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 01/15/2009


                TSK
01/27/2009 MOTION -  MOTION TO AMEND BAIL FILED BY DEFENDANT ON 01/27/2009


                SECOND FILING.                                      SECOND AMENDED
                MOTION FILED 1-29-09
01/27/2009 HEARING -  BAIL HEARING SCHEDULED FOR 02/02/2009 @ 8:30 in Room No.  1


                NOTICE TO PARTIES/COUNSEL
01/27/2009 HEARING -  BAIL HEARING NOTICE SENT ON 01/27/2009


01/28/2009 MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 01/27/2009


01/29/2009 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 01/28/2009
           ROBERT E CROWLEY , JUSTICE
           COPY TO PARTIES/COUNSEL
01/29/2009 MOTION -  MOTION FOR FUNDS GRANTED ON 01/29/2009
           ROLAND A COLE , JUSTICE
           COPY TO PARTIES/COUNSEL                                  ADDITIONAL $300
           GRANTED
02/02/2009 Party(s):  POLICE ABODA
           ATTORNEY -  WITHDRAWN ORDERED ON 01/13/2009


           Attorney:  AMY FAIRFIELD
02/02/2009 HEARING -  BAIL HEARING HELD ON 02/02/2009

ROBERT E CROWLEY , JUSTICE
02/02/2009 BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT ON 02/02/2009
ROBERT E CROWLEY , JUSTICE
10,000 S/S OR $1000 CASH W/CONDS
02/02/2009 HEARING -  DISPOSITIONAL CONFERENCE HELD ON 01/21/2009
ROBERT E CROWLEY , JUSTICE
02/05/2009 TRIAL -  JURY TRIAL CONTINUED ON 01/21/2009
ROBERT E CROWLEY , JUSTICE
02/05/2009 Charge(s): 1
HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 03/18/2009 @ 10:30 in Room No.   7


02/05/2009 Charge(s): 1
HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/05/2009


02/05/2009 Charge(s): 1
TRIAL -  JURY TRIAL SCHEDULED FOR 04/21/2009 @ 8:30 in Room No.   11

NOTICE TO PARTIES/COUNSEL
02/05/2009 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 02/04/2009


Bail Receipt Type: CR
Bail Amt:  $1,000
                              Receipt Type: CK
Date Bailed: 02/02/2009    Prvdr Name: KUSFANSIA   OUNDA
                          Rtrn Name: KUSFANSIA   OUNDA
988                                       02/17/2009 ASSIGNMENT OF CASH BAIL FILED.
                BAIL MONEY TO ROBERT LEVINE, ESQ.
02/13/2009 OTHER FILING -  COUNSEL VOUCHER FILED ON 01/21/2009


Attorney:  AMY FAIRFIELD
15.4 HOURS
02/13/2009 OTHER FILING - $770.00 COUNSEL VOUCHER APPROVED ON 01/27/2009
ROBERT E CROWLEY , JUSTICE
SENT TO AOC (AF)
03/09/2009 Charge(s): 1
SUPPLEMENTAL FILING -  INDICTMENT FILED ON 03/06/2009


03/09/2009 Charge(s): 1
HEARING -  ARRAIGNMENT SCHEDULED FOR 03/18/2009 @ 10:30 in Room No.   7


03/09/2009 Charge(s): 1
HEARING -  ARRAIGNMENT NOTICE SENT ON 03/09/2009


03/11/2009 MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 03/09/2009


MOTION FOR PI FUNDS
03/12/2009 MOTION -  MOTION FOR FUNDS DENIED ON 03/11/2009
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL                                    TOTAL AMOUNT
GRANTED $500
03/17/2009 OTHER FILING -  NOTICE OF JOINDER FILED BY STATE ON 03/06/2009

CASE JOINED WITH CR08-2593  MOSES YEN

03/18/2009 Charge(s): 1
        HEARING -  DISPOSITIONAL CONFERENCE HELD ON 03/18/2009


03/30/2009 Charge(s): 1
        HEARING -  ARRAIGNMENT HELD ON 03/18/2009
        ROLAND A COLE , JUSTICE
        Attorney:  ROBERT LEVINE
        DA:  TRACY BARDWELL
        Defendant Present in Court


        READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
        DEFENDANT.  21 DAYS TO FILE MOTIONS. TAPE #3220              JH
04/08/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 04/16/2009 @ 1:00 in Room No.  8


        NOTICE  TO PARTIES/COUNSEL
04/08/2009 HEARING -  OTHER MOTION SCHEDULED FOR 04/16/2009 @ 1:00 in Room No.  8


        MOTION TO SEVER
04/08/2009 HEARING -  OTHER MOTION SCHEDULED FOR 04/16/2009 @ 1:00 in Room No.  8


        TRANSCRIBE GRAND JURY
04/14/2009 MOTION -  MOTION TO SEVER PARTIES FILED BY DEFENDANT ON 04/08/2009


04/14/2009 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 04/08/2009


        MOTION TO TRANSCRIBE AND DISCLOSE GRAND JURY TESTIMONY
04/14/2009 MOTION -  MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 04/08/2009


04/16/2009 Charge(s): 1
        TRIAL -  JURY TRIAL CONTINUED ON 04/16/2009


04/16/2009 HEARING -  OTHER MOTION NOT HELD ON 04/16/2009


        TRANSCRIBE GRAND JURY
04/16/2009 HEARING -  OTHER MOTION NOT HELD ON 04/16/2009


        MOTION TO SEVER
04/16/2009 HEARING -  MOTION TO SUPPRESS CONTINUED ON 04/16/2009


04/22/2009 NOTE -  OTHER CASE NOTE ENTERED ON 04/22/2009


        INTERPRETER WILLIAM MAHADI ON 4-7-09                           BILL SENT TO
        AOC FOR 40.00 SIGNED BY S/J.CROWLEY
04/23/2009 MOTION -  OTHER MOTION GRANTED ON 04/23/2009
        ROLAND  BEAUDOIN , JUDGE
        MOTION TO TRANSCRIBE AND DISCLOSE GRAND JURY TESTIMONY
04/23/2009 NOTE -  OTHER CASE NOTE ENTERED ON 04/23/2009


        COPY OF TRANSCIPT ORDER AND DOCKET ENTRES SENT TO ELCECTRONIC RECORDING.
                                                                      JH
05/27/2009 MOTION -  MOTION TO SUPPRESS STATEMENT GRANTED ON 05/26/2009
        JEFF  MOSKOWITZ , JUDGE
        COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
Clerk